No. 2,037

THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents,
v. JOHN J. MURPHY, Appellant.

CRIMINAL LAW.—INDICTMENT.—In this State, the sufficiency of an indictment is
not to be tested by the rules of the common law, but by the requirements of the
Criminal Practice Act.

IDEM.—MURDER.—The statement, in an indictment for murder, of the means by
which the killing was accomplished, can never become material in ascertaining
the offense charged.

IDEM.—If the indictment is certain as to the person and the offense charged, and
states all the acts necessary to constitute a complete offense, it contains all that
is required by the Criminal Practice Act.

IDEM.—In those cases in which it requires the concurrence of several acts, or the
doing of the act under particular circumstances, to constitute an offense, the
indictment should state the necessary acts and circumstances.

CRIMINAL PRACTICE.—It is not error to permit a witness at the trial to use a
sketch of a house, or other object, to explain his evidence as to the position of
persons and objects, even though the sketch is not shown to be a correct repre-
sentation, if the same be not introduced in evidence.

CRIMINAL LAW.—EVIDENCE.—When the testimony has established the complicity
of a third person, not on trial, in the perpetration of the criminal act, evidence
of the conduct of that person is admissible against the accused.

IDEM.—At the trial, the accused, who had been sworn as a witness on his own
behalf, was asked, on cross-examination, if he had not made certain statements
(which were repeated to him), involving apparently important admissions against
himself, to which he answered: "I said words to that effect, but not exactly in
that way." It was held, to be error to deny to the accused the right to disclose
exactly what he did say, and to state the whole conversation at that time, relating
to the same subject-matter.

APPEAL from the District Court of the Fifth District,
San Joaquin County.

The case is stated in the opinion.

The objections to the indictment were raised upon de-
murrer, and on motion in arrest of judgment.

S. A. Booker, Wm. L. Dudley, and J. H. Budd, for Appel-
lant.

First—The offense charged is murder. There are no acts
charged as this offense, or set out in the indictment, as
required by the statute.

We hold that the indictment should set out, not only the
offense charged; to wit, murder, but the acts constituting such
offense. (Hittell, 1833.)

*Second*—The Court below erred in allowing the witness, Daniel Murray, to use a model of the house and furniture of the deceased, not proven to be correct, in illustrating and explaining his evidence to the jury.

*Third*—The Court erred in overruling defendant's objection to the question asked the witness, Daniel Murray : " What, if anything, did Mrs. Murphy do, subsequent to her return to your father's house in the evening, and prior to your father coming home, in reference to your father coming home ?"

The question was asked in reference to what Mrs. Murphy did during the absence and without the knowledge of defendant. The defendant was not responsible for what his wife did or said in his absence and without his knowledge. (1 Green. Ev. Secs. 233, 234; *People* v. *Simonds,* 19 Cal. 275.)

*Fourth*—The Court should have allowed the witness, Murphy (the defendant), on re-examination, to give the whole of the conversation, and the exact language of the conversation, between himself and Daggett, in relation to the killing of deceased. The People brought out a part of the conversation on a cross-examination of this witness, and defendant clearly had the right to give the whole of the conversation, and the exact language of the conversation, on that subject-matter.

The Court should have allowed this witness to give the whole of the conversation, and the manner in which it was introduced, between witness and one Swain, relative to defendant's visiting the house of deceased. A part of this conversation was brought out on cross-examination, and defendant had the right to give all the conversation on that subject-matter, and the manner in which it was introduced. (1 Green. Ev. Sec. 201, and cases cited in note 1; 1 Green. Ev. Sec. 218.)

*Jo Hamilton,* Attorney General, for Respondent.

*First*—The demurrer to the indictment and the motion in arrest of judgment were properly overruled. (*People* v. *King,* 27 Cal. 510; *People* v. *Cronin,* 34 Cal. 192.)

*Second*—The model used by the witness, Murray, was merely for the purpose of illustrating his testimony — was not offered in testimony. It was the same as if the attorney had, in the presence of the jury, placed books, papers, pens, inkstands or other articles by which the witness would illustrate his evidence to the jury, or placed themselves in position, and have the witness explain, in the presence of the jury, the positions or acts of the parties during any transactions he was detailing.

*Third*—The evidence of the witness, Murray, as to what Mrs. Murphy did at the house of *deceased* on the night of the homicide, before defendant (her husband) came there, was properly admitted. The witness had, before his examination on this point, shown clearly that Mrs. Murphy was not only cognizant of the intended homicide, but was actually *particeps criminis* in the transaction.

The rule, as I understand it, in criminal cases, is, that having established a guilty intent and conspiracy to do the specific thing between two guilty parties, the acts of one conspirator tending to the consummation of that end are admissible against the other, if part of the *res gestæ*, even in the absence of the co-conspirator. (1 Green. on Ev. p. 141, Sec. 111, and authorities cited in foot notes.)

*Fourth*—It seems that defendant, under the statute, offered himself as a witness in his own behalf, at the trial, and during his cross-examination, was asked whether, at a certain time and place, in detailing the facts of the case, he had not made a statement of a certain character (the words being called to his attention) to the witness, Daggett, and at a certain other time, a certain declaration (the language being given in the question) to the witness, Swain. The defendant admitted, in each case, making such declaration in substance, but hesitated to admit the exact language, or the language in the same context or connection as given in the question.

On his examination by his own attorneys, they ask him to detail *all* that he said to the witnesses, Swain and Daggett, in the conversations alluded to in the questions. The Court, under objections, very properly, as I think, excluded the testimony. His cross-examination was proper and legitimate,

so far as we can determine, as it appears in the transcript. I know of no rule of law which would permit the witness, upon being asked whether at a certain time and place he did make a given statement, or a contrary statement from the one made by him on trial, that would entitle him to there repeat *all* he said on that occasion, whether it was about the subject upon which he was questioned or not.

The proposition is a very different one from that involved in the case of *The People* v. *Farrell* (31 Cal. 582–5.)

TEMPLE, J., delivered the opinion of the Court.

The indictment in this case, leaving out the merely formal parts, is as follows :

"The said John Murphy, on or about the 13th day of October, A. D. 1868, at and in the county and State aforesaid, feloniously, wilfully and of his malice aforethought, did kill and murder Patrick Murray," etc.

It is objected to this indictment that it does not state the particular circumstances necessary to constitute the offense charged, and the particulars specified in the exception are, that it does not specify the means by which the death was occasioned, and that the deceased died within a year and a day after the stroke was received, or the cause of death administered. The sufficiency of the indictment is not to be tested by the rules of common law, but by the requirements of the Criminal Practice Act of this State. That Act provides that the particular circumstances need not be stated, unless they are necessary to constitute the offense charged. Murder is the unlawful killing of a human being, with malice aforethought, and certainly the means by which the killing is accomplished, can never become material in ascertaining the offense charged. The requirement that it must appear that the party died within a year and a day, is a rule of evidence merely. Unless the party dies within that time the prosecution will not be permitted to show that he died of the injury received.

The indictment is in the exact words of the form approved by this Court in the case of *The People* v. *Cronin* (34 Cal.

191.) That case was decided after mature consideration, and we are not disposed to change the rule there established. We are unable to see how the defendant would be benefited by a more particular specification of the circumstances of the offense, unless it be in affording greater facilities to escape a trial upon the merits, by surrounding the case with additional technical requirements. It certainly affords no information of the course the prosecution will take upon the trial, and the defendant is no better prepared to meet the case which will be made against him. The indictment in this case is certain as to the person and offense charged, and states all the acts necessary to constitute a complete offense, and this is all that is required by the Criminal Practice Act. As to some offenses it requires a concurrence of several acts to constitute the offense ; as, for instance, in an indictment for perjury, it may require circumstances to be stated before it would appear that commission of the offense was possible. In such case, of course, the indictment should state the necessary acts and circumstances.

It certainly would have been the better course to have proved the plan of the house before it was used by the witness, John Murray, to illustrate his evidence, but it was not offered as evidence, nor, so far as appears, was it represented to be a correct representation of the house. It was merely used by the witness to explain his evidence as to the position of parties, as he might have used a book, or a board, or a piece of paper for the same purpose. We do not see how the defendant could have been prejudiced by its use.

There was no error in overruling the objection of defendant to the evidence of this witness as to the conduct of Mrs. Murphy, wife of the defendant, at the house of the deceased, just before the arrival of the defendant and the commission of the homicide. The evidence already introduced had sufficiently established the complicity of Mrs. Murphy, and the very evidence objected to tended strongly to show that she was cognizant of what was about to transpire.

The evidence, by which it was attempted to prove that the deceased would not permit his daughter to visit his house,

was properly excluded. It could have no possible bearing upon this case. It is altogether a too remote and uncertain method of accounting for the presence of Mrs. Murphy at Murray's house.

On the trial the defendant was sworn as a witness on his own behalf and gave his version of the affair. On cross-examination he was asked by the District Attorney if he had not made certain statements to one C. R. Daggett in regard to the killing of Murray, which statements involved, apparently, most material admissions against himself. To this question the witness answered : "I said words to that effect, but not exactly in that way."

The defendant's attorney afterward asked the witness to state the whole conversation he had with Daggett at that time connected with the killing of Murray. This question was objected to as irrelevant and immaterial, and the objection was sustained by the Court.

It is difficult to understand how this ruling of the Court can be sustained. The portion of the conversation which had been drawn out tended to establish most material admissions on the part of the defendant, and he was clearly entitled to have the exact words constituting the admission stated, if that were possible, and also to give in evidence the whole conversation relating to the same subject-matter. The fact that the witness was also the defendant could make no difference in the operation of the rule. Whether it be considered an attempt to prove a confession, or considered as an admission made on the trial, its effect is limited by the language used in the conversation alluded to, and in either case it was plainly the right of the defendant to state the whole conversation upon that subject.

The view we take of this question will necessitate a new trial, and a decision of the other questions in the record would be of no service upon a re-trial of the cause.

Judgment reversed, case remanded for a new trial, and remittitur ordered to issue forthwith.

Sprague, J., expressed no opinion.