[Crim. No. 1154. First Appellate District, Division Two.—February 26, 1924.]

THE PEOPLE, Respondent, v. LOUIS HAMIL, Appellant.

[1] CRIMINAL LAW—FAILURE OF FATHER TO PROVIDE FOR MINOR CHILD—INSUFFICIENCY OF EVIDENCE. — In this prosecution for alleged failure to provide for a minor child, there was no proof that defendant had failed to provide for the child prior to the time the mother of the child had sworn out the warrant for his arrest.

[2] ID.—DUTY OF MOTHER TO PROVIDE FOR CHILD—FAILURE OF PROOF. The alleged offense having been committed prior to the effective date of the 1923 amendment to section 270 of the Penal Code, the duty of providing for said minor child rested equally upon the father and the mother; and in such prosecution there was a complete failure of proof that the child was not being properly supported by its mother.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Reversed.

The facts are stated in the opinion of the court.

Roy L. Daly, James C. Espey and Walter J. Thompson for Appellant.

No appearance for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of conviction under the provisions of section 270 of the Penal Code, which prescribes a penalty for failure to provide for one's minor child.

[1] Resolving all conflict in the testimony against the defendant, it appears that he is the father of a child which was born at the St. Elizabeth's Infant Hospital on October 8, 1922, to a young unmarried mother; that at all times during his acquaintance with the mother of this child the defendant was married to another woman and that there were three children of that marriage; that the defendant was supporting his legitimate family; that he was earning his living by driving a laundry wagon at a salary of thirty-four dollars a week at the time of the trial; that he gave to the mother of his illegitimate child, who is the prosecuting witness here, fifty dollars or sixty dollars before she went to the hospital for the birth of her child; that up to the time the prosecuting witness went to the hospital, which was four months before her child was born, she worked as a waitress and earned her living. After she left the hospital, on November 4, 1922, she resumed her work as a waitress and the defendant gave her seven dollars a week for the support of her child until about April, 1923, at about which time she began this prosecution. The indictment charges the defendant with failure to provide for the child on May 1, 1923. The prosecuting witness testified upon cross-examination: "Q. Now . . . when did the defendant discontinue giving you money for the support of the child? A. It was in April; I don't know exactly the date; *but it was after I had sworn out a warrant for him.* Q. When did you swear out this warrant? A. Well, I don't remember; it was some time in April. . . . " She then testified that some time in April, 1923, the defendant came to her home to give her some money for the child; that on that night the health officers had called at his home for some

purpose; that, thereafter, she telephoned to the defendant's wife. She was then asked: "Q. Now . . . did you make any demand on this defendant for any money after the time he was over to see you at the time the health officers were out at his place? A. No, I didn't exactly make any demand, I started—swore out a warrant then for him."

It is apparent, after a reading of the entire transcript, that there was no proof that the defendant failed to provide for the child. Furthermore, there was an entire absence of proof that the child was not being properly provided for by the mother. She was working, according to her testimony, and there is no proof that she was not able and willing to provide necessaries for her six months' old child; nor is there any proof of the amount of money required for the maintenance of the child.

No brief has been filed by the people and no attempt made to point out any evidence in the record upon these two vital elements in a prosecution of this kind under the statute applicable at the time the alleged offense was committed, or to defend, in any manner, this judgment against the attack of the appellant. [2] At the time of the alleged offense, it was the law of this state that the duty of providing for minor children rested equally upon father and mother. (*Ex parte Kendrick,* 60 Cal. App. 146 [212 Pac. 226].) The change in the law effected by the amendment of 1923 to section 270 of the Penal Code did not go into effect until August 18, 1923, and the defendant was charged with failure to provide as of May 1, 1923.

As heretofore stated, it is uncontradicted in the record that the defendant, up to the time of the filing of the indictment against him, had contributed to the support of this child about seven dollars a week, a reasonable sum, in view of the testimony that he had been earning fifty dollars a week for a time, and, later, and at the time of the trial, he was earning only thirty-four dollars a week; and that he had three children and his wife and himself to support, in addition to the child of the prosecuting witness. In view of this testimony, it would seem, that whatever the motive for this prosecution, it was not a desire to obtain support for the minor child.

There is also a complete failure of proof that the child was not being properly supported by its mother, who was also charged, equally with the defendant, with the duty of providing for its needs prior to the last amendment of the section of the Penal Code relative to the support of illegitimate children.

The judgment is reversed.

Sturtevant, J., and Nourse, J., concurred.