[Crim. No. 1252.   First Appellate District, Division Two.—July 17, 1925.]

## THE PEOPLE, Respondent, v. LOUIS HAMIL, Appellant.

[1] CRIMINAL LAW—FAILURE TO PROVIDE FOR ILLEGITIMATE MINOR CHILD—LIABILITY OF FATHER TO PROSECUTION.—The contention that there can be no prosecution of an alleged father of an illegitimate child for his failure to support it until his duty so to do has been established in a civil action, under section 196a of the Code of Civil Procedure, is without merit.

[2] ID.—VIOLATION OF SECTION 270, PENAL CODE—PLEADING—SUFFICIENCY OF INDICTMENT.—An indictment for failure to provide for an illegitimate minor child, which charges that the defendant, on a specified date and named place, was the parent and father of a minor child of a certain name, then and there of a given age, and that said defendant did then and there on said date and at said place, wilfully and unlawfully, and without excuse, omit to furnish said minor child with necessary food, clothing, shelter and medical attendance, or any thereof, is sufficient; and under section 270 of the Penal Code such an indictment need not specify "the date when, and the place where and the person upon whom the child was begot; the name of the person who begot the child, the place where and the time when the child was delivered; that the

---

1. See 13 Cal. Jur. 940.

child was born illegitimate and that the defendant was the father of said child."

[3] Id.—Elements of Crime Denounced by Section 270, Penal Code.—The essential elements of the crime denounced by section 270 of the Penal Code are that the defendant is the father of the minor child, and the wilful omission of the father, without lawful excuse, to furnish certain designated necessaries mentioned in said section to the minor child; and when these facts are clearly and distinctly set forth in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended, it is all the statute requires.

[4] Id.—Reopening of Case—Discretion.—In a prosecution for failure to provide for an illegitimate minor child in violation of section 270 of the Penal Code, it was within the discretion of the trial court to permit the reopening of the people's case in chief for the purpose of recalling the prosecuting witness, after the district attorney had announced the close of his case in chief for the people and counsel for defendant had moved the court to advise the jury to return a verdict of not guilty; and in the instant prosecution upon such a charge the record shows no abuse of that discretion in permitting the reopening of the people's case.

[5] Id.—Time of Omission to Provide—Evidence.—In such prosecution, the contention that it was incumbent upon the prosecution to prove that the defendant omitted to provide for the minor child on the date alleged in the indictment, or immediately prior or subsequent thereto, is without merit.

(1) 29 Cyc., p. 1676, n. 99.   (2) 29 Cyc., p. 1678, n. 21.   (3) 31 C. J., p. 662, n. 5; 29 Cyc., p. 1676, n. 99.   (4) 16 C. J., p. 871, n. 72, 73, p. 243, n. 58, p. 244, n. 67.   (5) 31 C. J., p. 841, n. 4; 29 Cyc., p. 1679, n. 27 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

H. D. Jerrett for Appellant.

3. See 20 Cal. Jur. 423.
4. See 8 Cal. Jur. 239; 26 R. C. L. 1042.
5. See 20 Cal. Jur. 425.

U. S. Webb, Attorney-General, Leon French and Wm. F. Cleary, Deputies Attorney-General, for Respondent.

PRESTON, J., *pro tem.*—The defendant was indicted by the grand jury of the city and county of San Francisco for unlawfully failing, without lawful excuse, to furnish necessary food, clothing, etc., for an illegitimate minor child, and thereby violating the provisions of section 270 of the Penal Code, as amended in 1923 (Stats. 1923, p. 592). To this indictment defendant entered a plea of not guilty and went to trial before a jury, and the jury found him guilty. Defendant made a motion for a new trial and a motion in arrest of judgment, both of which were denied, and the court pronounced judgment imposing imprisonment in the county jail for a period of two years and a fine of five hundred dollars. From this judgment, and the order denying his motion for a new trial, the defendant appeals.

Resolving all conflicts in the testimony against the defendant, as the jury did in finding him guilty of the offense charged, it appears that he is the father of a child who was born at St. Elizabeth's Infants Hospital in San Francisco on October 8, 1922, to a young, unmarried mother; that at all times during his acquaintance with the mother of this child, the defendant was married to another woman and that there were three children of that marriage; that defendant was supporting his legitimate family and earning his living by driving a laundry wagon; that he gave the mother of this illegitimate child, who is the prosecuting witness here, fifty or sixty dollars before she went to the hospital for the birth of the child; that up to the time the prosecuting witness went to the hospital, which was about four or five months before her child was born, she worked as a waitress and earned her living in that way, and that after she left the hospital, about the fourth day of November, 1922, she resumed her work as a waitress, and defendant gave her seven dollars a week for the support of the child until about April, 1923. Since April, 1923, he has provided nothing toward the support of the child. The indictment charges the defendant with failing to provide for the child on September 1, 1924.

This defendant was convicted of failing to provide for this same child on April 1, 1923, under section 270 of the Penal Code, prior to the amendment of 1923, and the judgment of conviction was reversed by this court on February 26, 1924. (*People* v. *Hamil,* 65 Cal. App. 786 [225 Pac. 10].)

The present case is prosecuted under section 270 of the Penal Code, as amended in 1923, which provides, among other things, "that the father of either a legitimate or illegitimate minor child who wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attendance for his child, is guilty of a misdemeanor, and punishable by imprisonment in the county jail not exceeding two years or by fine not exceeding one thousand dollars, or by both, and shall not be relieved from criminal liability for such offense merely because the mother of such child, or any other person or organization, voluntarily or involuntarily, may have furnished such necessary food, clothing, shelter or medical attendance for such child," etc.

A great many contentions are made by appellant for a reversal of the judgment in this case. It will only be necessary, however, to discuss a few of them.

[1] It is contended by appellant that there can be no prosecution of an alleged father of an illegitimate child for his failure to support it until his duty so to do has been established in a civil action, under section 196a of the Civil Code. This contention is wholly without merit; see *People* v. *Stanley,* 33 Cal. App. 624, at page 626 [106 Pac. 596].

[2] It is next contended by appellant that the court erred in overruling defendant's demurrer to the indictment.

The charging part of the indictment is as follows: "Louis Hamil is accused by the Grand Jury of the City and County of San Francisco of the crime of misdemeanor, to-wit: violation of the provisions of section 270 of the Penal Code, committed as follows: The said Louis Hamil, on the first day of September, 1924, at the City and County of San Francisco, State of California, was the parent and father of a certain minor child, to-wit, David Sweet, then and there of the age of one year, and the said Louis Hamil did then and there on the said first day of September, 1924, at the said City and County of San Francisco, State of Cali-

fornia, wilfully and unlawfully, and without excuse, omit to furnish said minor .child with necessary food, clothing, shelter and medical attendance, or any thereof. . . ."

The demurrer is both general and special and the portion of the demurrer especially relied upon by the defendant is "that the facts stated do not constitute a public offense against the defendant, Louis Hamil, for the reason, and in particular, that said indictment does not sufficiently describe the offense charged to have been committed." In support of this demurrer, appellant contends that the portion of the indictment which charges that the defendant "was the parent and father of a certain minor child, to-wit, David Sweet, then and there of the age of one year" etc., states merely a conclusion of law, and that the indictment should have alleged "the date when, and the place where and the person upon whom the child was begot; the name of the person who begot the child, the place where and the time when the child was delivered; that the child was born illegitimate and that the defendant was the father of said child."

No such particularity is required in an indictment or information under section 270 of the Penal Code. [3] The essential elements of the crime denounced by this section are that defendant is the father of said minor child, and the wilful omission of the father, without lawful excuse, to furnish certain designated necessaries mentioned in this section to the minor child, etc. When these facts are clearly and distinctly set forth in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended, it is all the statute requires. (Secs. 959 and 960, Pen. Code.) Measuring the indictment by this rule, it states all the necessary elements to constitute a complete offense under section 270 of the Penal Code, and is amply sufficient. (*People* v. *Murphy*, 39 Cal. 52.)

[4] It is also contended by appellant that the court erred in permitting the reopening of the People's case in chief for the purpose of recalling the prosecuting witness, after the district attorney had announced the close of his case in chief for the People and counsel for defendant had moved the court to advise the jury to return a verdict of not guilty.

This contention is wholly without merit. The reopening of a case for further evidence was within the discretion of the trial court, and the record shows no abuse of that discretion. This proceeding is a very common occurrence in the trial of criminal cases and within the discretion of the trial court and not violative of any of the defendant's rights. (*People* v. *Kennedy,* 48 Cal. App. 545 [192 Pac. 556]; *People* v. *McPherson,* 6 Cal. App. 266 [91 Pac. 1098]; *People* v. *Lewis,* 124 Cal. 551 [45 L. R. A. 783, 57 Pac. 470].)

[5] It is next contended by appellant that it was incumbent upon the prosecution to prove that the defendant omitted to provide for the minor child in question on September 1, 1924 (the date alleged in the indictment), or immediately prior or subsequent thereto. This contention, likewise, is without merit, and in answer thereto it is only necessary for us to cite section 955 of the Penal Code; *People* v. *Stanley, supra; People* v. *Swiggy,* 69 Cal. App. 574, 585 [232 Pac. 174]; *People* v. *Curry,* 69 Cal. App. 501 [231 Pac. 358].

Many other contentions are made by appellant for a reversal of the judgment, but we have examined the record and the voluminous briefs filed by appellant with care, and the jury could not have arrived, in our opinion, at any other verdict, than that of guilty. Appellant does not advance any points upon the merits of the case, but relies upon a multitude of technicalities, all of which, as above stated, we have examined and found without any substantial merit.

From an entire review of the record in this case, we think the defendant was fairly tried and justly convicted upon evidence that admits of no reasonable doubt.

Judgment affirmed.

Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 10, 1925.