**176 P.2d 688**

**IMPERIAL v. STATE.**

No. 968.

Supreme Court of Arizona.

Jan. 20, 1947.

Harry J. Valentine and Ralph Estrada, both of Phœnix, for appellant.

John L. Sullivan, Atty. Gen., John W. Rood, Asst. Atty. Gen., and Edwin Beauchamp, Co. Atty., and R. H. Renaud, Deputy Co. Atty., both of Phœnix, for appellee.

LA PRADE, Judge.

Defendant was accused of the crime of failure to provide for minor children, a felony. A portion of the charge reads as follows:

"The said Francisco Imperial * * * being then and there the parent of certain minor children, the parentage of said children having been made and entered the 26th day of April, 1941, in a bastardy proceedings in this Court, to-wit: (children's names) did then and there wilfully and without lawful excuse, fail, neglect and omit to furnish the said minor children with necessary food, clothing, shelter and medical attendance; * *. *."

To this information defendant filed a motion to quash upon the ground that the criminal statute under which the prosecution was instituted was not broad enough to include the subject of support of illegitimate children. The motion to quash was denied. This appeal is from that order.

■ This attempted appeal does not lie for the reason that no appeal may be taken from an order denying a motion to quash an information. "An appeal may be taken by the defendant only from: (a) A final judgment of conviction. (b) A sentence on the ground that it is illegal or excessive." Section 44-2506, A.C.A.1939.

■ Inasmuch as the subject matter and grounds for the attempted appeal, a repetition of the motion to quash, are of prime importance to citizens of the state, its courts and law enforcement officers, we feel that we should take cognizance of them and state our views thereon.

The appellant argues that inasmuch as the provisions of the Arizona law making it a felony for any parent who wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her minor children contain no reference therein to any child born out of wedlock, there was no offense over which the superior court had jurisdiction. The statute under consideration reads as follows:

"Failure of parent to provide for minor child.—A parent who wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attendance for his or her minor child is guilty of a felony." Section 43-201, A.C.A.1939.

It is appellant's position that inasmuch as this statute does not specifically include "illegitimate children" the presumption is that the legislature intended the criminal statute to be applicable only to parents of children born in wedlock, and that if recourse is to be had against a parent of a child born out of wedlock it must be through the remedial provisions of statutes relating to "Bastards." Ch. 27, Art. 4, A.C.A.1939.

The courts of many states have had this particular problem before them upon numerous occasions, and have almost universally held that a criminal statute such as ours does not include an illegitimate child in the

absence of a clear indication of its applicability. For collection of cases see 30 A.L.R., p. 1075. Typical of the expressions to be found is that in the case of Moss v. United States, 1907, 29 App.D.C. 188, 194, where the court said:

"We are convinced that the terms 'parent or guardian,' 'father or mother,' 'father and mother,' so often occurring, cannot be construed to relate to a man charged with being the father of a bastard child, but mean lawful parents; and 'that any person' means the lawful parent or guardian of such child. * * *"

In State v. Miller, 1902, 3 Pennewill, Del., 518, 52 A. 262, 263, the court had before it the applicability of a Delaware statute requiring a father to support his children. The court said:

"We consider that the defendant's second contention, that the statute now in question does not apply to illegitimate offspring, is supported by unquestionable authority. It is a general rule of construction, well recognized in both England and this country, that the word 'child' or 'children' when used in a statute, means legitimate child or children, and not bastards, unless there is some further statutory provision clearly manifesting the contrary intention. 5 Am. & Eng.Enc.Law, (2d Ed.) pp. 1095, 1097, and cases cited. We find no such provisions in the statute before us."

These cases holding that in law the word "parent" contemplates only those persons having children born in lawful wedlock can have no application here for the reason that in Arizona we have no "illegitmate" children. The medieval concept, slavishly adhered to by courts, that in *law* a child born out of wedlock was merely the get of its sire was repudiated and extinguished in Arizona in 1921 by the act of our legislature legitimatizing every child. This act is now incorporated in our Code as Section 27-401 and reads as follows:

"Every child is the legitimate child of its natural parents and is entitled to support and education as if born in lawful wedlock, except the right to dwelling or a residence with the family of its father, if such father be married. It shall inherit from its natural parents and from their kindred heir, lineal and collateral, in the same manner as children born in lawful wedlock. This section shall apply to cases where the natural father of any such child is married to one other than the mother of said child, as well as where he is single."

This section declares that all children are legitimate and being legitimate are entitled to support and education from their natural parents as if born in lawful wedlock. In Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621, 623, this court pointed out that this section does not give support and education to a child born out of wedlock unless it was held that the law secures provision to a child born in wedlock. In referring to the criminal statute for failure to provide, the court said:

"* * * This provision presupposes the existence of a legal duty on the part of the parent to support his minor child and is ·complemental to such legal duty. We do not mean to say that a legal duty on the part of the parent to support his minor child exists simply because the legislature assumed its existence, but that we, in adopting such rule, feel that we are, not only justified by excellent judicial opinion, but are following a declared policy by the legislative branch of the government."

By statute and adjudication of this ·court children born in and out of wedlock are entitled to support and education from their natural parents. We are of the opinion that the criminal statute, Section 43-201, supra, is available against a natural parent.

The appeal is dismissed.

STANFORD, C. J., and UDALL, J., concur.

George M. Sterling, of Phoenix, for appellee.