**223 P.2d 815**

**VALLES v. JOHNSON.**
No. 5259.

Supreme Court of Arizona.
Nov. 10, 1950.

Martin S. Rogers, of Tucson, for appellant.

Bryce H. Wilson, Pima County Attorney, Victor M. David, Deputy Pima County Attorney, Tucson, for appellee.

STANFORD, Justice.

This is an appeal from an order of the Superior Court, following a hearing on certiorari, affirming an order of the appellee, Clark H. Johnson, Justice of the Peace, that appellant be held to answer to the Superior Court on the charge of failure to provide for minor children.

The appellant, Jesus Valles, was charged in accordance with provisions set out in section 43-201 A.C.A.1939, prior to amendment in 1949, which read as follows: "A parent who wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attendance for his or her minor child is guilty of a felony."

Complaint was filed with appellee, who was Justice of the Peace of the Justice Court, Tucson Precinct No. 2, Pima County, Arizona. Preliminary hearing was had on March 23, 1949, and thereafter, appellee entered an order that appellant be held to answer to the Superior Court on charges made in the above mentioned complaint.

The only evidence taken at the said hearing, was testimony of the complainant, one Petra Avalarde, who stated that she was the mother of the three children involved, that the appellant was the father of the children, that the children were all born out of wedlock and that their parentage had not theretofore been established. Objection was made to the admission of the testimony that appellant was the father of the children concerned, there being no further evidence of the fact offered. The objection was over-ruled and the above mentioned order was issued by the Justice of the Peace.

Application for writ of certiorari was then made to the Superior Court. The same having been granted and hearing had thereon, an order (judgment) was subsequently entered, quashing the writ and affirming the order made in the Justice Court.

From the order of the Superior Court, appellant takes this appeal.

It is the contention of the appellant, by his single assignment of error that there was a lack of jurisdiction in appellee to make the order which was made, because there was no previous judicial determination of the paternity of the children involved, nor acknowledgment of such paternity by accused. Appellee maintains that certiorari to the Superior Court was not the proper remedy open to the appellant for the purpose of contesting the order made by appellee, in that the substance of the objection was an alleged error committed in the admission of incompetent evidence in the testimony of the complainant.

We think the objection made by the appellant was one of jurisdiction, however, section 28-101, A.C.A.1939, which provides an extraordinary legal remedy through certiorari, expressly states that such remedy shall be available only where "there is no appeal, nor, in the judgment of the court,

any plain, speedy and adequate remedy." Clearly, under the circumstances confronting us in the present case, petition for writ of habeas corpus would have reached whatever defect may have existed in the proceedings, and, we must point out, would have indeed been a far more expedient process. In this regard, section 44-3301, A.C.A.1939, reads as follows: "Every person unlawfully committed, detained, confined or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint."

And from section 44-3312, A.C.A.1939, we quote:

"If it appear, on the return of the writ, that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner must be discharged in any one of the following cases, subject, however, to the restrictions of the preceding section:

"When the jurisdiction of such court or officer has been exceeded;

\*    \*    \*    \*    \*    \*

"Where a party has been committed on a criminal charge without reasonable or probable cause."

Section 44-3311, A.C.A.1939, states: "If no legal cause be shown for such imprisonment or restraint, or for the continuation thereof, such party shall be discharged from the custody or restraint.  \*  \*  \*"

Also available to the appellant herein, were the provisions of section 44-1001 et seq., A.C.A.1939, providing for motion to quash an indictment or information. And subsequent to such motion, appellant might have turned to section 44-2401, A.C.A. 1939, which reads as follows: "If upon a motion to quash an indictment or information or any count thereof or if after verdict or finding of guilty but before sentence any question of law shall arise which in the opinion of the trial court is so important and doubtful as to require the decision of the appellate court, the trial court may, if the defendant consents, certify the case to the appellate court so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in the cause shall be stayed to await the decision of the appellate court."

By making certiorari available to any one wishing to contest the orders of a Justice Court in a case similar to the one at hand, we would only succeed in bogging down the workings of our County Attorneys in the mire of legal process, and offer to one, perhaps justly accused, a method of evading the arm of justice for an unreasonable period of time.

It will be noted in the record that an information was filed in the Superior Court on the 2nd day of April 1949, and following, on the 9th of May, motion was granted to continue and stay proceedings until further order of the court. There has been no

further action taken in this case, pending the decision of this court, resulting in a delay of some 20 months to date.

For the foregoing reasons, even though we are in agreement with the contentions of appellant that the order of the appellee was erroneously issued, because parentage had not been established, we hold that certiorari was not the remedy available to appellant herein and the judgment of the Superior Court, quashing the writ, is affirmed.

LAPRADE, C. J., and UDALL, PHELPS and DECONCINI, JJ., concurring.