414 P.2d 749

Alejandro MORENO, Petitioner,

v.

The SUPERIOR COURT OF PIMA COUN-
TY, Honorable Lee Garrett, Presid-
ing Judge, Respondent.

No. 2 CA–CIV 236.

Court of Appeals of Arizona.

May 26, 1966.

Norman E. Green, County Atty. of Pima
County, by Arthur L. Meaker, Deputy
County Atty., Tucson, for respondent.

O. G. Marquez, Tucson, for petitioner.

MOLLOY, Judge.

Petitioner seeks to have this court pro-
hibit the superior court from proceeding to
try, de novo, petitioner for failure to sup-
port infant children following a conviction
in justice court.

In March, 1963, the petitioner executed a
written acknowledgment of paternity as to
the children in question. By the same in-
strument the petitioner agreed to pay the
sum of $15 per week for the support of
said children until said children reach the
age of majority and become self-supporting,
marry or die. Payments were in fact made
until 1965. On the 19th of October, 1965,
Beatrice DeLeon signed a complaint charg-
ing the petitioner with violation of A.R.S. §
13–801, the failure to support statute. War-
rant was issued, and following trial in the
justice court, the petitioner was found guilty
of violating A.R.S. § 13–801 and sentenced
to ninety days. The petitioner appealed to
the superior court and executed bond as
required by statute. Petitioner then moved
to dismiss the action in the superior court
on the grounds that the superior court lack-
ed jurisdiction. Following denial of the
petitioner's motion to dismiss, petitioner ap-
plied to this court for a writ of prohibition.

A.R.S. § 13–801 makes nonsupport a
misdemeanor:

"§ 13–801. Failure of parent to provide
for child; punishment; direction that
defendant labor on public works; pay;
duty of board of supervisors; limita-
tion on labor

"A. A parent who wilfully omits,
without lawful excuse, to furnish neces-
sary food, clothing, shelter or medical at-
tention for his or her minor child is guil-
ty of a misdemeanor punishable by im-
prisonment in the county jail for not to
exceed six months."

Petitioner contends that he cannot be
prosecuted for failure to support unless and

until the judicial determination of his paternity has been rendered, and relies upon the decision of Valles v. Johnson, 71 Ariz. 71, 223 P.2d 815 (1950). In Valles, our Supreme Court indicated in a dicta statement that it was " * * * in agreement * * *" that a justice court order finding the defendant guilty of nonsupport (under section 43–201 A.C.A.1939, predecessor of A.R.S. section 13–801, under which nonsupport was a felony) was erroneous because there had been no previous judicial determination of the paternity of the children involved, " * * * nor acknowledgment of such paternity by accused." (71 Ariz. at 72, 223 P.2d at 816.)

That the trial court in this action was concerned with this language in Valles is indicated by the wording of the order below denying the motion to dismiss:

" * * * the affidavit * * * is a sufficient acknowledgment to comply with the rule of Valles v. Johnson, 71 Ariz. 71 [223 P.2d 815]."

The Valles decision cites no authority for its implication that a civil action to establish paternity is a condition precedent to a criminal action for nonsupport.

A.R.S. § 13–801 was adopted from California, (see West's Annotated Penal Code, § 270) and such being the case, California interpretation is of particular interest. State v. McDonald, 88 Ariz. 1, 352 P.2d 343 (1960).

In California, the question before us is well-settled.

"Under Penal Code, § 270, the father of an illegitimate child may be prosecuted criminally for failure to support it, without his duty to do so being first established and directed in a civil action." 37 Cal.Jur.2d § 30, p. 181

In Application of Clarke, 149 Cal.App.2d 802, 309 P.2d 142 (1957), the court held:

"Petitioner challenges the jurisdiction of the municipal court to determine the issue of paternity in a prosecution under Penal Code, § 270, which section explicitly provides that the offense is a misdemeanor. Municipal courts are vested with exclusive jurisdiction over misdemeanors, except juvenile cases, Pen. Code, § 1462, and this includes power to hear and determine every issue of fact involved in a prosecution for failure to provide for a minor child irrespective of the jurisdiction of the superior court to determine the issue of the paternity of an illegitimate child in a civil case, * * *"

309 P.2d at 146–147

See also People v. Stanley, 33 Cal.App. 624, 166 P. 596 (1917), and People v. Hamil, 73 Cal.App. 649, 238 P. 1075 (1925), to the same effect. In People v. Crawford, 205 Cal.App.2d Supp. 858, 23 Cal.Rptr. 566 (1962), the court said:

"The second idea that threads its way through defendant's arguments is that he did not know whether or not he was Mark's father, and until it was judicially determined that he was, he was under no obligations to furnish support. He states: 'To hold that a defendant can only deny paternity at his peril and at the risk of criminal prosecution smacks of judicial extortion.' Perhaps the law should provide that the duty to care for one's child does not arise until an action in the nature of one for declaratory relief had been prosecuted to judgment, but no statute so provides (see People v. Stanley, 1917, 33 Cal.App. 624, 626–627, 166 P. 596; People v. Hamil, 1925, 73 Cal.App. 649, 652, 238 P. 1075), and no principle of law known to us so declares." 23 Cal.Rptr. at 567

The several American jurisdictions are not in unanimous accord with the California decisions. See Annot. 99 A.L.R.2d 746 (1965). Numerous states do, however, concur. In State v. Carter, 175 Ohio St. 98, 191 N.E.2d 541 (1963), the Supreme Court of Ohio held:

"It necessarily follows that one can be convicted under Section 2151.42, Revised Code, for failing to support a child although there has been no previous judicial determination that he is the father

of such child. See Gee v. State (1899), 60 Ohio St. 485, 55 N.E. 48; Ogg v. State, 73 Ohio St. 59, 75 N.E. 943; State v. Schwartz, 137 Ohio St. 371, 30 N.E.2d 551. *It is sufficient if such determination is made for the first time in the proceeding in which he is convicted.*" (Emphasis added)

191 N.E.2d at 542

The rationale behind the contrary view seems to lie in some basic difference between legitimacy and illegitimacy. In speaking of the predecessor statute to A.R.S. § 13–801, our Supreme Court had this to say in Imperial v. State, 65 Ariz. 150, 151, 152, 176 P.2d 688, 689 (1947):

> "The courts of many states have had this particular problem before them upon numerous occasions, and have almost universally held that a criminal statute such as ours does not include an illegitimate child in the absence of a clear indication of its applicability. For collection of cases see 30 A.L.R., p. 1075.

> \* \* \* \* \* \*

> "These cases holding that in law the word 'parent' contemplates only those persons having children born in lawful wedlock can have no application here for the reason that in Arizona we have no 'illegitimate' children. The medieval concept, slavishly adhered to by courts, that in *law* a child born out of wedlock was merely the get of its sire was repudiated and extinguished in Arizona in 1921 by the act of our legislature legitimatizing every child. This act is now incorporated in our Code as Section 27–401 [now A.R.S. § 14–206] \* \* \*

> \* \* \* \* \* \*

> "This section declares that all children are legitimate and being legitimate are entitled to support and education from their natural parents as if born in lawful wedlock.

> \* \* \* \* \* \*

> "By statute and adjudication of this court children born in and out of wedlock are entitled to support and education from their natural parents. We are of the opinion that the criminal statute, Section 43–201, [now A.R.S. § 13–801] supra, is available against a natural parent."

65 Ariz. at pp. 151–153, 176 P.2d at 689

■ In the absence of a clear determination by our Supreme Court, we are unwilling to adopt a rule requiring multiple actions such as contemplated by the dicta in Valles. The concept of illegitimacy has been abandoned in this state; the duty of natural parents to support their children is sound and well-established. Petitioner has been injured only to the extent of being deprived of duplicate actions against him. Unlike a civil action, wherein paternity could be established by a preponderance of the evidence, Hazelett v. State of Arizona, 55 Ariz. 141, 99 P.2d 101 (1940), State v. Nerini, 61 Ariz. 503, 151 P.2d 983 (1944), under the criminal statute petitioner must be proven guilty beyond a reasonable doubt. Such procedure affords adequate safeguard for petitioner's rights, while expediting the prime policy concern: the welfare and support of the infant.

■ In many cases, the line between legitimacy and illegitimacy, in the historic sense, will be at issue, i. e., when the husband denies parentage of a child conceived while he contends he was overseas, or when the validity of a marriage is disputed. If these issues must be determined before it is even known which procedural avenue to take in order to require support for the child, the ends of justice can only be circumvented. The natural father should be required to support his child and whether there is a valid marriage between that father and the mother of the child is collateral and immaterial to this duty. The fear that fathers of children unknown to them will be prosecuted under this statute seems to this court to be unrealistic, and to have its legal answer in the wording of

this statute, which constitutes the nonsupport of children a crime only when "willful."

Alternative writ quashed.

KRUCKER, C. J., and HATHAWAY, J., concurring.