213 P.2d 368

## STATE v. HOOD.

No. 994.

Supreme Court of Arizona.

Jan. 4, 1950.

V. L. Hash, Phoenix, and Virginia Hash, Phoenix, for appellant.

Fred O. Wilson, Attorney General, Maurice Barth, Assistant Attorney General, Chas. Rogers, Assistant Attorney General, Warren L. McCarthy, County Attorney, Phoenix for appellee.

STANFORD, Justice.

This is an appeal from a conviction and sentence in the Superior Court for the crimes of kidnapping and assault with the intent to commit rape.

The information contained two counts, one for each offense. The crimes were charged to have been committed by defendant on the 11th day of June, 1948. The child involved was a girl of the age of four years. The kidnapping occurred at approximately 3 P.M. near the home of the child northwest of the City of Phoenix. The child at that time was taking some empty coke bottles to a nearby store. Defendant stopped his car and asked the child where she was going and advised her that he would take her and get her a coke. The child got into the car and after taking her to several places in the evening of said date, defendant took her to a remote spot in Papago Park located some six miles east of the City of Phoenix, said place being a desert park. While at the park defendant removed the child's sun-suit and underpants, and unzippered his own trousers and shorts. In a further attempt to carry out the desire on his part, the child cried out and the defendant crawled into the back seat of the car and went to sleep.

At approximately 4:30 A.M., June 12th, defendant drove from Papago Park to Van Buren Street, west on Van Buren Street to 24th Street, then north to McDowell Road, being one mile, and then east to the Rollerdome Skating Rink. The car was left at that point because of lack of gas, and the two walked west on McDowell Road to an auto court located in the 2000 block where defendant used a telephone. Defendant then, with the child, went to a lawn chair in the yard of the auto court and there the child went to sleep. The owner being suspicious notified police, and upon their arrival defendant claimed to be the father of the child and claimed that he was on his way to work and was taking the baby to a nursery. After defendant was taken into custody the little girl was awakened and asked if the defendant was her father. She said that he was not. When taken to the police station he was allowed to call his minister and after a private talk with him the defendant admitted the things above related.

After trial in the Superior Court a verdict of guilty on the two counts charged was rendered by the jury and after judgment and imposition of sentence by the

court, defendant gave his notice of appeal to this court, the notice of appeal being from the order of the Superior Court denying defendant's motion for new trial and from the judgment rendered thereon.

Appellant submitted the following assignments of error as having been committed by the trial court:

"I. That the court erred in overruling the motion to quash the information based on the ground that the said information was not verified as provided by Section 44-705, A.C.A. 1939, for the reason that no preliminary hearing had been given the defendant, and the defendant, at the time he waived his preliminary hearing, was not represented by counsel and did not have the advise of counsel.

"III. That the court erred in admitting the confession of defendant into evidence for the reason that the said confession was obtained by force and was not voluntarily given by defendant, and was wholly inadmissible for that reason.

"IV. That the court erred in permitting the infant child, to-wit: The subject of the alleged kidnapping and rape to sit up front in the courtroom and thereby unduly influence and prejudice the jury against the defendant.

"V. The Superior Court did not acquire jurisdiction of the defendant for the reason that the court did not accord to the defendant his constitutional safeguards as provided by law, to-wit: That the committing magistrate did not inform the defendant of the charge pending against him or of his rights to the aid of counsel during the preliminary examination."

Article 2, Section 30, Constitution of Arizona reads: *"Indictments.—*No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

Also Section 44-705, A.C.A. 1939, reads: *"Subscription and verification of information.—*(1) All informations shall be subscribed by the county attorney. Except in cases where the defendant has been held to answer in a preliminary examination, the information shall be verified by the oath of the county attorney or that of the complainant or of some other person. * * *"

Article 6, Section 22, Constitution of Arizona, provides that: *"Criminal procedure.—*The pleadings and proceedings in criminal causes in the courts shall be as provided by law. No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done."

Section 44-303, A.C.A. 1939, provides. *"Waiver of examination.—*(1) The defendant may waive a preliminary examination. If he does, the magistrate shall held (hold)

him to answer and shall either admit him to bail or commit him to custody as provided in section 55 (§ 44-322).

"(2) Notwithstanding a waiver of examination by the defendant, however, the magistrate, on his own motion, may, or on the demand of the county attorney shall examine the witnesses for the state and have their testimony reduced to writing or taken in shorthand by a stenographer and transcribed. After hearing the testimony, if it appears that there is not probable cause to believe the defendant guilty of an (any) offense, the magistrate shall order that he be discharged."

We take the following from the records of the Justice of the Peace of the East Phoenix Precinct in this case:

"DATE
1948            Proceedings
Jun 14          Complaint made and filed this day by Cal Boies charging the defendant with having committed on or about the 11th day of June, 1948, Count I, Kidnapping, a felony, Count II, Assault with Intent to Commit Rape, a felony.

Statement of Cal Boies made and filed.

Warrant of Arrest issued and placed in the hands of Sheriff L. C. Boies for service. Warrant of Arrest returned served and filed.

Defendant in court and the complaint read to him.

Defendant informed of his legal rights.

Defendant waives preliminary examination.

Court made the following order:

It appearing to me that the crimes of Count I, Kidnapping, a Felony, Count II, Assault with Intent to Commit Rape, a Felony, have been committed on or about the 11th day of June, 1948, in the County of Maricopa, State of Arizona, and that there is sufficient cause to believe that Harvey Vernon Hood is guilty thereof, I order that he, the said Harvey Vernon Hood, be held to answer the same, and that he be admitted to bail in the sum of Ten Thousand ($10,000.-00) Dollars, and that he be committed to the Sheriff of the County of Maricopa until he give such bail, or be other wise legally discharged.

"Defendant committed.

Harry E. Westfall
Justice of the Peace of
East Phoenix Precinct."

The information later filed in the Superior Court of Maricopa County charged the defendant in proper language with two offenses, to-wit: Count I, kidnapping, and Count II, assault with intent to commit rape.

In the case of State v. Smith, 62 Ariz. 145, 155 P.2d 622, 627, this court has spoken on the subject of the waiver of a preliminary examination, and from said case we quote:

"The last assignment of error is that the defendant neither had a preliminary examination nor waived the same and was denied due process under Art. 2, Sec. 30, Arizona

298

Constitution, and Art. 14 of the Amendments to the Federal Constitution. * *

\* \* \* \* \* . \*

"In the order by L. T. Frazier, Justice of the Peace in Cochise County, we find this statement: 'Preliminary hearing waived by a plea of guilty.'

"It is presumed that other formalities as required by Sec. 44-302, A.C.A. 1939, and other sections of our Code were complied with. We quote Sec. 44-302, supra: 'Duty of magistrate.—When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a charge of having committed an offense which the magistrate is not empowered to try and determine, the magistrate shall immediately inform him (a) of the charge against him, (b) of his right to the aid of counsel during the preliminary examination, and (c) of his right to waive such examination.' * * *"

Therefore in disposing of the first assignment we find no prejudicial error was committed.

The second assignment is that the court erred in admitting in evidence wearing apparel taken from the defendant in violation of his constitutional rights, the wearing apparel being his shorts and other things. The defendant was taken into a room by a police officer and there he was asked to remove his shorts and other wearing apparel. The exact testimony on the subject of the removal of clothing is as follows:

"Q. I will ask you, Harvey, did Sergeant Slaughter take any of your clothes off of you? A. No, he asked me to take my shorts off and give them to him and I did.

"Q. Did you do that? A. Yes.

\* \* \* \* \* \*

"A. * * * and there was one dark brown speck about the size of the head of a pin in one of the seams that looked like it could have been blood. * * *"

It appears that there were several officers in and out of the room when defendant removed his clothing and it is the contention of defendant that although he did not object to taking off the clothing that it was equivalent to objection because he was detained by an officer at the time.

This question has been determined by this court contrary to defendant's contention in State v. Duguid, 50 Ariz. 276, 72 P.2d 435, 438, in which case this court quoted from Moon v. State, 22 Ariz. 418, 198 P. 288, 16 A.L.R. 362: "It is objected that it was error to admit in evidence the photograph of the fingerprints of the defendant for the reason that a defendant under the Constitution cannot be compelled to give evidence against himself. But the uncontradicted evidence shows that the defendant voluntarily suffered his fingerprint impressions to be taken which were photographed. There is no claim that any force or improper duress was used in taking the fingerprints. It is clear that there was no violation of the constitutional rights of

the defendant in suffering the photograph to be introduced in evidence."

As it has been shown already the defendant made no objections to freely giving his clothing as requested by the officers and later while he was on the witness stand in the trial court he stated, as heretofore quoted under this assignment that he had made no objection to giving his clothing, and we think that is sufficient in passing on this assignment and in saying it is without merit.

Defendant's third assignment is that the trial court committed error in admitting in evidence the confession made by defendant to officers of the law shortly after his arrest, defendant claiming that the confession was obtained by force and was not voluntarily given. In support of this argument defendant cites the case of State v. Miller, 62 Ariz. 529, 158 P.2d 669, 672, from which we, in part quote: "* * * but the introduction of such statements in evidence can be upheld only where they are wholly voluntary."

An examination of the record discloses that there is no merit to this assignment. The trial court followed the method heretofore expressly approved by this court. After determining as a question of law that the confession was admissible in evidence it then, under proper instructions, submitted to the jury for its determination the question of fact, first whether the confession was voluntarily made, and second if it was voluntary, was it true, both of which issues were determined by the jury in the affirmative. The following are the instructions given by the court which we approve: "* * * The law absolutely forbids you to consider a confession in determining the innocence or guilt of a defendant unless the confession was voluntarily made, and although the Court has admitted evidence tending to show that defendant made a confession, you must disregard the asserted confession entirely unless you yourselves, by your own weighing of all the evidence, your own judging of the credibility of the witnesses, and your own reasonable deductions conclude that the alleged confession not only was made but was voluntary. * *"

The court in that instruction also said: "* * * If under my instructions you find that a voluntary confession was made, you are the exclusive judges as to whether or not the confession was true, and in deciding that question you should consider all the circumstances connected with the making of the statement as shown by the evidence. * * *"

From our case of State v. Smith, supra, from which there was a quotation given by the defendant, that case further says: "On the subject of the admission in evidence of the confession of the defendant, we quote from the case of People v. Fox, [25] Cal. [2d 330], 153 P.2d 729, 734: 'Although the question as to the admissibility of a confession is, in the first instance, nec-

essarily one of law for the trial judge (People v. Jones, 24 Cal.2d 601, 150 P.2d 801; People v. Rogers, 22 Cal.2d 787, 141 P.2d 722), if the evidence is received, "it is for the jury to determine whether the confession was freely and voluntarily made and therefore entitled to consideration." ' "

Evidently the jury believed this confession was voluntarily made and accordingly we find that the same was admissible for their consideration.

■ Under defendant's assignment No. 4 it is claimed that the court erred in permitting the infant child, the subject of the alleged kidnapping and rape to sit up front in the courtroom and thereby undoubtedly influence and prejudice the jury against the defendant. In support of this defendant cites the case of State v. Gevrez, 61 Ariz. 296, 148 P.2d 829, 832. In this case the mother of the deceased wife of defendant rose up during the time of the opening address by the county attorney and shouted in the presence of the jury: "Stop it! Stop it! She's not here, she's dead!" This woman sat in close proximity to the jury and the bailiff of the court would go over to her often and put his arms around her and console her. Defendant then quotes further from the case as follows: "The best witness in a trial sometimes never takes the witness stand; the greatest influence often comes from the unsworn person who is allowed to parade before the jury. We cannot, however, find fault with the mother of the deceased, but we do say the laxness of the court in permitting her to remain so near the jury, and her deportment while there, were very prejudicial to the rights of appellant and should not have been allowed."

We pause here to say that this is quite a different case as it will be observed and we assume, therefore, that the paragraph last quoted was a paragraph desired to be emphasized by the defendant. In the instant case the little girl did not sit near the jury, but on the front row of seats in the courtroom and said nothing.

In the case of State v. Gevrez, supra, there also was a child involved, the child of the deceased mother who was shot by the father and being the child of the defendant. That child took the witness stand, and testified that she was in the fifth grade; that she carried her mother's doll in her arms and yet the court said: " * * * and while no error can be claimed by reason of it, yet it has the great tendency, as in the other matter just mentioned, to arouse the sympathy of the jury."

In the instant case the child belonged in the courtroom. It was fair to the state that she should be there and her conduct, of course, was exemplary and we find no error committed by her presence in the courtroom.

The fifth and last assignment of error of appellant is that no jurisdiction was ac-

quired of the defendant by the Superior Court for the reason that defendant was not accorded his constitutional safeguards, namely, "That the committing magistrate did not inform the defendant of the charge pending against him or of his rights to the aid of counsel during the preliminary examination."

█ It is our opinion that this matter was thoroughly handled in our treatment of the defendant's first assignment of error, but further on the subject we quote from 14 Am.Jur., Criminal Law, Section 244, p. 936: *"Effect of waiver.*—A waiver of the preliminary examination by a person accused of a crime operates as an admission of the existence of sufficient evidence to justify the examining officer in holding him for trial. It is equivalent to a finding by the officer that there is sufficient cause to believe the accused guilty, and it follows that he is thereby estopped to plead a want of preliminary examination. * * *"

Under assignment No. 1 we set forth the judgment roll of the committing magistrate showing that he had been advised of his legal rights, and that he waived his examination. We see no merit to the assignment last made.

The judgment is affirmed.

LA PRADE, C. J., and UDALL, PHELPS, and DE CONCINI, JJ., concurring.