393 P.2d 266

**STATE of Arizona, Appellee,**

v.

**James E. GRANINGER, Appellant.**

**No. 1288.**

Supreme Court of Arizona.

En Banc.

June 17, 1964.

Rehearing Denied July 14, 1964.

Robert W. Pickrell, Atty. Gen., by Philip M. Haggerty, Asst. Atty. Gen., and Charles N. Ronan, Maricopa County Atty., for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

BERNSTEIN, Justice.

Defendant entered a plea of guilty to first degree burglary and was sentenced to serve from 7 to 10 years. He had previously entered a plea of not guilty but had changed that plea. Defendant contends that his conviction should be reversed because of irregularities at the preliminary hearing and also that the sentence imposed was excessive.

At the preliminary hearing the defendant was not present. The following colloquy took place between defense counsel and the Justice of the Peace.

"MR. MILLER: The defendant is ready, your Honor.

"James Graninger isn't present. He is incarcerated in Tucson for another charge.

"THE COURT: It looks like we will have to forfeit his bond, then.

"MR. MILLER: I wonder if the matter pertaining to Graninger could be continued, your Honor?

"THE COURT: To what definite time, Mr. Miller?

"MR. MILLER: Mr. Graninger's preliminary hearing is this Friday in Tucson. I don't know what will transpire then. But I wonder if perhaps we could have a two-weeks' continuance on that?

"THE COURT: Under the circumstances, I would suggest that you waive this hearing for Mr. Graninger rather than to—

"MR. MILLER: Well, we would like to have it. But if it is an alternative of bond forfeiture of—

"THE COURT: Being in jail is not a good reason under our statutes, is it?

"MR. MILLER: That's the problem. Although the County Attorney makes good use of that, we have another case where they have it continued on trial date simply because the co-defendant is in another state in jail.

"THE COURT: Mr. Miller, that is another case entirely. This is this case.

"MR. MILLER: I just thought I might point out the precedent. But I would like to have a preliminary hearing—

"THE COURT: He can have a preliminary hearing, but we will forfeit the bond.

"MR. MILLER: Then we will waive the preliminary hearing.

"THE COURT: All right. Let the record show the defendant Graninger waives preliminary hearing and is held to answer."

Defendant claims that the waiver of a preliminary hearing was coerced and therefore void. Defendant next points to Art. II, Sec. 30 of the Arizona Constitution, A.R.S. which states:

"No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

Defendant did not, however, call to the attention of the trial judge of the superior court the fact that his waiver of preliminary hearing had been coerced. Rule 79, Rules of Criminal Procedure, 17 A.R.S. states:

"No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. *The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information because of such fact before pleading to the merits.*" (Emphasis added)

■ Defendant contends that the italicized portion of Criminal Rule 79 is repugnant to Art. II, Sec. 30, Arizona Constitution. In State v. Smith, 62 Ariz. 145, 155 P.2d 622, this court held that the above quoted constitutional provision for a preliminary hearing is waived by a guilty plea before the Justice of the Peace. This court said:

"* * * [The] testimony does not disclose that the defendant at his trial in the superior court raised any objection to the manner in which the preliminary hearing was held." 62 Ariz. at 158, 155 P.2d at 627.

Although there are numerous other cases construing Rule 79, Rules of Criminal Procedure, this is the only case we have found which has language on this precise point. The constitutional provision for a preliminary hearing is for the benefit of the defendant and he may waive it. This waiver may be express by the defendant or by implication. Rule 79, Rules of Criminal Procedure is one instance of waiver by implication and is constitutional. State v. Smith, supra.

■ Defendant also contends because of his health and age a sentence of 7 to 10 years is excessive and should be reduced. As we said in State v. Maberry, 93 Ariz. 306, 309, 380 P.2d 604, 606:

"Because a defendant appears in person before the trial judge, the trial judge is, in most instances, better able than we to evaluate him and to determine what is necessary to rehabilitate him to constructive activity. It is for this reason that the legislature has given the trial court wide discretion to sentence a defendant for a period somewhere between a statutory minimum and a statutory maximum. * * * We have traditionally been prone to uphold a sentence declared by a trial judge when it is in conformity with the statute and there is no clear evidence that he has abused his power in the particular case."

Affirmed.

UDALL, C. J., LOCKWOOD, V. C. J. and STRUCKMEYER and JENNINGS, JJ., concur.