403 P.2d 540

The STATE of Arizona, Appellee,

v.

Fred ESSMAN, Appellant.

No. 1426.

Supreme Court of Arizona.

En Banc.

June 23, 1965.

Robert W. Pickrell, Atty. Gen., and Norman E. Green, Pima County Atty., by Carl Waag, Deputy County Atty., for appellee.

Bernard I. Rabinovitz, Tucson, for appellant.

BERNSTEIN, Justice.

Appellant was convicted of murder in the first degree and sentenced to life imprisonment by the Superior Court of Pima County. After denial of a motion for new trial this appeal was filed.

The charges against appellant arose from the fatal shooting of his wife on the evening of August 10, 1963. Appellant and his wife had been married for 19 years and had two children. The appellant and his wife were both employed. Appellant got off work early on the afternoon of the day of

the shooting and began drinking with a friend. He made it a point to meet his wife when she finished work. She joined the party, and the trio proceeded to a tavern where they continued drinking in a "congenial" manner. They then returned home, invited their friend to dinner, but he left after making plans to meet after dinner. Appellant and his wife were then alone in the living room. Their 14 year old daughter was in an adjoining bedroom.

Appellant had purchased a gun to take on a camping trip. On the day of the shooting, appellant had been cleaning his gun after he got off work. He took the gun with him when he went to the tavern and liquor store, leaving it in the car. When appellant and his wife returned home appellant started to play with his gun. His wife, who had not had as much to drink as he had, warned him to put the gun away as he might hurt someone. This warning was heard by the daughter in the adjoining room. To prove the gun was harmless, appellant pointed the gun at their dog and pulled the trigger three times with the hammer falling against empty chambers of the eight chambered revolver. He then advanced toward his wife, yelled "Boom" and pulled the trigger. The gun had not in fact been completely unloaded, and a bullet was discharged, fatally injuring appellant's wife. The "clicks" and the shot were heard by the daughter, but she did not come into the room until after her mother was shot.

Appellant told the first neighbor who came to the house that he had accidentally shot his wife, and has consistently maintained his story that this tragedy was an accident. He was taken to the police station by the investigating officers, interrogated for about three hours, and released on bond on a drunk charge. Appellant made three statements to the police at the police station, only one of which was reduced to writing. Appellant's wife died in the hospital while the statements were being made, and police informed appellant of this fact. The murder charge was made four days later, after further investigation and interrogation.

The State supports its theory of first degree murder by pointing to inconsistencies in appellant's statements as to his exact position when the fatal bullet was fired, evidence of prior quarrels and expert testimony that there were powder burns on the wife's blouse, and that the shot was fired at a very close range.

Appellant's first assignment of error is that the trial court erred in not granting appellant's motion to quash the information. This motion was made prior to appellant's entering his plea in the Superior Court pursuant to Rule 79, Rules of Criminal Procedure, 17 A.R.S., on the ground that the procedure followed at the preliminary examination deprived him of the rights guaranteed by Ariz.Const. Art. 2, § 30, A.R.S., which reads as follows:

"Section 30. No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

This court has established rules governing Preliminary Examinations, Rules 16–37, Rules of Criminal Procedure, designed to carry out the intent of this constitutional provision. Rule 26 provides:

"After the defendant has made a statement or waived his right to do so, he may, if he desires, be sworn and testify in his own behalf. Whether or not the defendant testifies, any witnesses produced by him shall be sworn and examined. * * *"

At the preliminary examination the medical examiner, the daughter, employees of the police department, and the friend who was with appellant and his wife were called and testified. Defense counsel moved to dismiss the complaint, and this motion was denied. Up to this point the procedure at the preliminary examination was proper.

Defense counsel then wished to call witnesses for the defense, including police officers who saw appellant on the night of his wife's death and whose testimony on cross examination might support the defense theory that the charge should be one other than murder. After hearing extended argument the justice of the peace made this statement:

"THE COURT: And I have made a determination, and I told you earlier that I felt this Court sits on a par with a Judge of the Superior Court and with a Justice of the Supreme Court when it comes to determining probable cause, and as soon as probable cause is determined this Court has the power to conclude this hearing despite Rule 26, that's our feeling."

\*     \*     \*     \*     \*     \*

"Rule 26 is not binding upon this Court after probable cause has been determined, unless you make an offer of proof with respect to each witness, after they are sworn in prior to their examination."

The justice of the peace thereafter refused to permit defense witnesses to testify after being put on the stand unless defense counsel made an offer of proof.

█ A hearing before a magistrate who is so fundamentally mistaken as to the nature and purpose of a preliminary examination, and under such delusions as to his power to set aside the rules adopted by this court does not afford to the defendant the protection required by the Arizona Constitution.

The justice of the peace repeatedly stated that he would not permit defense counsel to conduct a "fishing expedition".

"Although the formal purpose of the preliminary examination is to establish probable cause to hold the defendant for trial, its principal purpose in practice is to afford defense counsel an opportunity to learn the nature of the prosecutor's case. Experienced defense counsel will, therefore, typically request a preliminary examination even though they are certain the prosecution will establish probable cause to hold the defendant for trial." Miller and Remington, Procedures Before Trial, 339 Annals of the American Academy of Political and Social Science 111, 122.

The State does not contend that the conduct of the magistrate was proper. It takes the position that this question could not be raised by a motion to quash the information, relying on our statement in State v. Woolery, 93 Ariz. 76, 81, 378 P.2d 751, 755, that:

"* * * The question of the *sufficiency of the evidence* at the preliminary examination before the magistrate may not be raised by a motion to quash the information, State v. Dunivan, 77 Ariz. 42, 266 P.2d 1077 (1954); Ramirez v. State, 55 Ariz. 441, 103 P.2d 459 (1940), since it is not one of the enumerated grounds set forth in Rule 169, Rules of Criminal Procedure, 17 A.R.S. See also Pfeiffer v. State, 35 Ariz. 321, 278 P. 63 (1929)." (Emphasis supplied).

The question here is not sufficiency of the evidence, and Woolery does not apply. Appellant here complains of the denial of his right to be heard. Due process of law requires that an accused must be given a full hearing meeting the requirements of due process. McGee v. Arizona State Board of Pardons and Paroles, 92 Ariz. 317, 320, 376 P.2d 779, 781.

In McGee we said:
"* * * Due process of law requires notice and opportunity to be heard, and:

'* * * there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them.' * * * Forman v. Creighton School District No. 14, 87 Ariz. 329, 351 P.2d 165."

This principle applies universally, from the first hearing before a justice of the peace to the final one before the Board of Pardons and Paroles, and to both judicial and administrative action. The justice of the peace must also act in accordance with the cherished judicial tradition embodying

the basic concepts of fair play. In Forman the right to produce witnesses and to cross examination were required and were specifically affirmed.

The justice of the peace is not required to listen to a filibuster. After he has heard all material and relevant defense evidence offered, and permitted reasonable cross examination, he has powers analogous to those of the trial judge in superior court to exclude irrelevant or cumulative testimony and to expedite the conclusion of the hearing. Rule 271, Rules of Criminal Procedure provides:

"It shall be the duty of the court to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, for the purpose of expeditious and effective ascertainment of the entire truth regarding the matters involved."

Its principles are applicable here. A.R.S. § 22–211 provides:

"The law governing procedure and practice in the superior court so far as applicable and when not otherwise specially prescribed, shall govern procedure and practice in justice of the peace courts, except that the justice of the peace shall not charge the jury."

See also Burnett v. State, 34 Ariz. 129, 268 P. 611; Bush v. State, 19 Ariz. 195, 168 P. 508.

In Martin v. Superior Court, 96 Ariz. 282, 283, 394 P.2d 211, 212, we denied a writ of prohibition where it was contended that the defendant had been denied a "full and complete" preliminary examination. We said:

"We note in this case that the defendant *had* a preliminary examination and his complaint is that the examination was not adequate. *Where defendant contends there has been an inadequate examination the matter should be presented to the trial court.* The defendant should be accorded full opportunity to prove his contention in a hearing and, if the trial court rules adversely to the defendant, the defendant may appeal such ruling. State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964); State v. Smith, 62 Ariz. 145, 155 P.2d 622." (Emphasis supplied).

In Martin we did not discuss the manner in which the contention that the preliminary examination was inadequate, should be presented to the trial court.

In Valles v. Johnson, 71 Ariz. 71, 73, 223 P.2d 815, 817, we held that both habeas corpus and a motion to quash the information were available. With regard to the motion to quash we said:

"Also available to the appellant herein, were the provisions of section 44–1001 et seq., A.C.A.1939 [now Rule 166 et seq., Rules of Crim. Procedure], pro-

viding for motion to quash an indictment or information."

The United States Supreme Court has held that where a denial of fundamental constitutional rights is asserted, a state must accord an opportunity for review, but this review need not necessarily be by habeas corpus. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; Case v. State of Nebraska, 85 S.Ct. 1486 (May 24, 1965). We adopted these views in In the Matter of Peter Acosta, 97 Ariz. 333, 400 P.2d 328 (Mar. 25, 1965). There is no merit in the State's contention that appellant's first assignment of error could be raised exclusively by habeas corpus.

In State v. Graninger, 96 Ariz. 172, 393 P.2d 266, we declined to pass upon alleged defects in the preliminary examination because they had not been called to the attention of the trial judge prior to the entering of a plea by the defendant.

In State v. Cravin, 96 Ariz. 346, 395 P.2d 706, we refused to consider the contention that the defendant was denied due process because he was denied an opportunity to cross examine a police witness at the preliminary examination, which had been raised by a motion to quash the information. In Cravin we said:

"* * * Assuming his contention to be correct (which contention need not now be decided), such a contention must be raised at the arraignment or within such time as the trial court may fix. Rule 79 and Rule 166 of the Rules of Criminal Procedure. This objection was not timely made and was therefore waived, since defendant's motion to quash was not made until the day of the trial, approximately eight months after the arraignment. *In addition, it should be noted that the Justice of the Peace, at the time of the hearing in the hospital room, advised defense counsel that a continuance could be granted for the purpose of further examining Officer Naegle, but at no time did defendant or his counsel request a continuance.*" (Emphasis supplied). 96 Ariz. at 349, 395 P.2d at 707.

In Cravin defendant had waived further examination of the police witness. Here there was no waiver. Appellant's contentions were made before the justice of the peace. The motion to quash was made the day after the information was filed in Superior Court, and it was denied the same day.

■■ Failure to comply with Rule 79, Rules of Criminal Procedure, requiring that no information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison, until such person has or waives a preliminary examination, is a ground for dismissing an information under Rule 169, subsec. A, par. 3(a), Rules of Criminal Procedure. The requirement of a preliminary

examination under Rule 79 means a preliminary examination at which the requirement of due process of law of both the state and federal constitutions are met. See also State ex rel. Hanagan v. Armijo, 72 N.M. 50, 380 P.2d 196.

■ The other two assignments of error relate to the instructions, only one of which we need discuss. The State contends that the instructions may not be considered because the motion for a new trial was not made within three days as provided in Rule 308, Rules of Criminal Procedure. The jury verdict was rendered on Thursday, October 17, 1963, and the motion for a new trial was made on Monday, October 21, 1963. Under Rule 6(a), as amended, Rules of Civil Procedure, 16 A.R.S., Saturdays, Sundays and legal holidays are excluded from the calculation of time. A.R.S. § 1–303 provides:

> "When anything of a secular nature, other than a work of necessity or charity, is provided or agreed to be done upon a day named or within a time named, and the day or the last day thereof falls on a holiday, it may be performed on the next ensuing business day with effect as though performed on the appointed day."

The motion was timely and the trial judge properly considered the motion for a new trial on its merits, but erred in denying it.

■ In his instruction on second degree murder the judge instructed the jury that the felony-murder doctrine applied where the felony was assault with a deadly weapon. The pertinent portion of the instruction was " * * * when the killing is done in the perpetration or attempt to perpetrate a felony such as assault with a deadly weapon." The felony-murder doctrine does not apply where the felony is an offense included in the charge of homicide. The acts of assault merge into the resultant homicide, and may not be deemed a separate and independent offense which could support a conviction for felony murder, People v. Moran, 246 N.Y. 100, 158 N.E. 35. In Moran, Chief Judge Cardozo said:

> "To make the quality of the intent indifferent, it is not enough to show that the homicide was felonious, or that there was a felonious assault which culminated in homicide. People v. Huter [184 N.Y. 237, 77 N.E. 6]. Such a holding would mean that every homicide, not justifiable or excusable, would occur in the commission of a felony, with the result that intent to kill and deliberation and premeditation would never be essential. People v. Wagner [245 N.Y. 143, 148, 149, 156 N.E. 644, 646]. The felony that eliminates the quality of the intent must be one that is independent of the homicide and of the assault merged therein, as

e. g., robbery or larceny or burglary or rape." 246 N.Y. 100, 158 N.E. at 36.

Appellant has assigned other error which we do not consider here in view of our determination of the case and as they are unlikely to occur upon a new trial.

Reversed and remanded for further proceedings in accordance with this decision.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.