99 Ariz. 247 (1965)
408 P.2d 215
STATE of Arizona, Appellee,
v.
James L. BRAZEAL, a.k.a. Nell James Patrick, Appellant.
No. 1528.
Supreme Court of Arizona. En Banc.
December 1, 1965.
*248 Darrell F. Smith, Atty. Gen., and Gary K. Nelson, Asst. Atty. Gen., Robert K. Corbin, Maricopa County Atty., for appellee.
Ross Anderson, Phoenix, for appellant.
UDALL, Justice.
Appellant, James L. Brazeal, a.k.a. Neil James Patrick, hereinafter referred to as defendant, was charged on the 9th day of October 1963 with the crime of robbery, a violation of A.R.S. § 13-641, and sentenced under § 13-643.
Defendant, at the preliminary hearing, was informed of the charge against him and of his right to have counsel. He was also informed that he had a right to waive the preliminary examination. Thereafter the record shows defendant did waive the preliminary examination.
On November 14, 1963, defendant appeared before the Superior Court of Maricopa County for the purpose of arraignment, at which time the court appointed an attorney to represent him. Counsel was handed a copy of the information; whereupon he waived the reading of the information and entered, on behalf of his client, a plea of not guilty, requesting ten days to further plea and file motions, which request was granted.
Thirteen days after pleadings to the merits of the charge, defendant filed a motion petitioning the court to remand the case for a preliminary hearing. At the time set for hearing the motion, defendant's counsel failed to appear. Nevertheless the court considered the affidavit filed in support of the motion, and thereafter denied the same stating as its reason that it did not believe the allegations set forth in the affidavit.
The defendant was brought to trial on December 26, 1963, which action ended in a mistrial. Defendant was again brought to trial, on January 22, 1964, and was convicted of the charge made against him.
Defendant first claims the court erred by denying his motion for a preliminary hearing. Art. 2, § 30, of the Arizona Constitution, A.R.S., provides in part:
"* * * no person shall be prosecuted for felony by information without having had a preliminary examination *249 before a magistrate or having waived such preliminary examination."
This constitutional provision is implemented by Rules of Criminal Procedure 16 and 17, 17 A.R.S. Rule 16 requires a magistrate to immediately inform a defendant, when brought before him after an arrest, of the charge against him, of his right to the aid of counsel during the preliminary examination and of his right to waive the preliminary examination. Rule 17 states a defendant may waive a preliminary examination, and, if he does, the magistrate shall hold him to answer and shall either admit him to bail or commit him to custody.
We take the following from the records of the Justice of the Peace in this case:
 "1963 Proceedings
 Oct. 9 * * *
11 Warrant of Arrest returned served and filed.
Defendant present and informed of the charge against him; of his right to the aid of counsel and to waive preliminary examination.
Defendant waives preliminary examination.
* * *"
In State v. Hood, 69 Ariz. 294, 301, 213 P.2d 368 (1950), we said as to this matter:
"`A waiver of the preliminary examination by a person accused of a crime operates as an admission of the existence of sufficient evidence to justify the examining officer in holding him for trial. It is equivalent to a finding by the officer that there is sufficient cause to believe the accused guilty, and it follows that he is thereby estopped to plead a want of preliminary examination. * * *'" 14 Am.Jur., Criminal Law, § 244, p. 936.
We believe this rule still applies, if the defendant is informed of the charge against him, of his right to the aid of counsel during the preliminary examination, and of his right to waive the preliminary examination.
Defendant, by his affidavit, stated in substance that he did not waive his right to a preliminary examination. Defendant, however, pled to the merits on November 14, 1963, and requested ten days to further plead and file motions, which request was granted. Defendant did not file his motion to remand for a preliminary examination, with supporting affidavit, until November 27, 1963.
Rule 79, Rules of Criminal Procedure, 17 A.R.S., states:
"No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless *250 the defendant objects to such information because of such fact before pleading to the merits."
This rule was found consistent with the constitutional guarantee to a preliminary examination in State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964). We stated in the Graninger case that the constitutional provision referring to preliminary hearing is for the benefit of the defendant and he may waive it. The waiver may be expressed by the defendant or implied, and Rule 79 is one instance of waiver by implication.
The motion and affidavit, in the instant case, was made after defendant's plea on the merits and beyond the ten days for further pleas and motions as permitted by the trial court. Therefore, the information was rendered immune from any attack on the grounds of failure to hold a preliminary examination and defendant conclusively waived his right to have the hearing.
Defendant's contention that he was deprived of his constitutional rights at the time of preliminary hearing by not being informed of his right to the aid of counsel, and his right to have, or waive a preliminary hearing is contrary to the facts as shown by the record. Furthermore, defendant's motion seeking to remand the case for a preliminary examination was not timely as it was made after he had pled to the merits. This assignment of error is without merit.
The defendant next asserts the court erred in not granting a mistrial when the county attorney virtually testified, in his closing argument, "that he had certain damaging evidence and named its location."
There was evidence introduced on behalf of the state that the money alleged to have been taken from the victim was enclosed in a hand towel. At the trial the towel in which the money and other items were alleged to have been enclosed was not introduced in evidence, although the victim testified the towel was in the possession of defendant when he left the room where the victim states he was beaten and robbed. None of the other witnesses for the state indicate they saw the towel. Defendant did not take the stand in his own behalf. It is the contention of defendant that failure of the county attorney to introduce the towel and its contents in evidence would lead to the conclusion there was no theft made by the defendant from the victim.
In his closing argument the county attorney stated:
"Now he [defendant's attorney] made a statement to you about `where is the towel, or the other things? Where is the license? Where is the key? Well, those items were obtained. They were placed in the police property room.'"
Immediately after this statement was made counsel for defendant moved for a mistrial, which was overruled. The court indicated defendant's motion was overruled on the *251 grounds that counsel for defendant had opened the doors by injecting the subject into his argument. It is contended the county attorney had the right to reply to defense counsel and rebut the inference made that there was no towel, license, or keys. This contention is fallacious, as it was not improper argument by defense counsel to inquire as to the whereabouts of the towel, the license and the keys, since evidence had been given concerning them by the victim in his testimony before the jury. The victim had testified that the money which was allegedly taken from him was wrapped or folded in a hand towel. He stated:
"I opened a safe box and had it [the money] in a hand towel, the change, all the change, my car keys, and my driver's license, everything was in that hand towel, coins, my car keys, some bills."
In light of this testimony defense counsel, in his argument to the jury, had a right to state by way of argument:
"Where is the towel, or the other things? Where is the license? Where is the key?"
Such inquiry in the argument of counsel was not justification for the county attorney to make a statement of fact concerning the whereabouts of the towel, the license, and the keys, when there was no evidence in the record upon which he could base such a statement.
The attorney for the defendant admitted frankly the state was not required to produce all of the evidence they might have but counsel does contend that he was entitled to comment, in his argument to the jury, on the missing towel. It is further argued by defendant that the court's instruction to the jury, to disregard the statement by the county attorney since it was no part of the evidence, did not cure the error. The statements made pertained to alleged facts that were not contained in the record, and therefore rendered the trial basically unfair and prejudicial to the defendant's rights. In State v. Hilliard, 89 Ariz. 129, 359 P.2d 66, we stated:
"`* * * It is elementary that arguments must be based on facts which the jury is entitled to find from the evidence and not on extraneous matters that were not or could not be received in evidence.'"
See also State v. Jordan, 80 Ariz. 193, 294 P.2d 677.
For the reasons herein stated, the case is reversed and remanded to the Superior Court of Maricopa County for a new trial.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and BERNSTEIN and McFARLAND, JJ., concur.