417 P.2d 374

**In the Matter of the Application of William T. Loftis For a Writ of Habeas Corpus.**

**William T. LOFTIS, Petitioner,**

**v.**

**STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondent.**

**No. 2 CA–HC 36.**

Court of Appeals of Arizona.

Aug. 2, 1966.

Rehearing Denied Sept. 9, 1966.

Darrell F. Smith, Atty. Gen., for respondent.

William T. Loftis, In pro. per.

MOLLOY, Judge.

William T. Loftis has applied to this court for a writ of habeas corpus directed to the respondent to show cause why he should not be discharged from custody, claiming his detention is illegal in that his constitutional rights were violated.

He alleges that he was denied the constitutional guarantees of right to assistance of counsel, and equal protection of the laws and further was deprived of his liberty without due process of law. His allegations are predicated on the fact that certain statements made by him to police officers during custodial interrogation were admitted into evidence without a preliminary determination by the trial court as to the voluntariness of the statements. At the

time of making these statements, petitioner was represented by counsel, a fact known to the interrogating officers. No objection was made by defense counsel during trial to the officers' testimony wherein they recounted the petitioner's statements.

It is the rule in this jurisdiction that the trial court has a duty to make a preliminary determination of voluntariness outside the presence of the jury *if a question as to voluntariness is raised,* either by counsel or by the evidence. State v. Goodyear, 100 Ariz. 244, 413 P.2d 566 (1966); State v. Fullen, 1 Ariz.App. 466, 470, 404 P.2d 732 (1965); State v. Miranda, 98 Ariz. 18, 401 P.2d 721 (1965); State v. Simoneau, 98 Ariz. 2, 401 P.2d 404 (1965). The question of voluntariness was not raised by counsel. Furthermore, the evidence itself raised no doubt as to the voluntary nature of petitioner's admissions requiring the lower court to inquire into the question.

The officers did testify to the fact that petitioner had a spell of nausea and retching during the period of interrogation. The physical upset, however, was of short duration, a matter of several minutes, and when the symptoms subsided the officers continued questioning petitioner. The physical discomfort which this short-lived seizure might have inflicted upon the petitioner we do not consider to be sufficient to raise a question as to voluntariness.

The petitioner has cited to us Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and the very recent decision of the Supreme Court of the United States in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the principles enunciated in these two cases concerning the fruits of custodial interrogation have no application to a trial conducted in 1959. The *Escobedo* doctrine affects only those cases in which trial commenced after June 22, 1964, and the *Miranda* doctrine applies only to cases in which the trial commenced after June 13, 1966. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (decided June 20, 1966).

Petitioner's attack on the validity of his conviction, based on this court's decision in State v. Lopez, 3 Ariz.App. 200, 412 P.2d 882 (1966), is without merit. We have examined the record and find no basis for petitioner's claim of incompetency of counsel. In fact quite the contrary appears—defense counsel diligently explored every avenue of defense and exerted every conceivable effort to protect his client. Matters of trial strategy, of counsel's judgment or the quality of a defense as the basis for challenging counsel's competence will not serve to invalidate convictions on allegations of ineffective assistance of counsel. See McDonald v. United States, 282 F.2d 737 (9th Cir.1960); Lyons v. United States, 325 F.2d 370 (9th Cir.1963), cert. denied 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964); United States ex rel. Feeley v. Ragen, 166 F.2d 976 (7th Cir.1948).

Petitioner's final allegation as to denial of a fair trial requires no discussion as the Supreme Court of Arizona has previously considered, and rejected, the assortment of alleged errors which were advanced as cumulatively constituting denial of a fair and impartial trial.[1]

Finding no basis for the issuance of the requested writ, it is hereby denied.

KRUCKER, C. J., and HATHAWAY, J., concur.

1. State v. Loftis, 89 Ariz. 403, 363 P.2d 585 (1961).