423 P.2d 716

**STATE of Arizona, Plaintiff,**

v.

**Jessie DeWayne WHITE, Defendant.**

**No. 1760.**

Supreme Court of Arizona.

In Banc.

Feb. 8, 1967.

Robert K. Corbin, Maricopa County Atty., by Donald E. Wolfram, Deputy County Atty., Phoenix, for plaintiff.

Ross Anderson, Phoenix, for defendant.

LOCKWOOD, Justice:

On April 10, 1959 a complaint charging the defendant with burglary and grand theft was filed with a magistrate. A warrant for the arrest of the defendant was issued, served, and returned. The defendant appeared before the magistrate, and after being informed of his rights waived preliminary examination. He was then bound over to answer for the crimes charged, and the county attorney filed an information charging burglary and grand theft. At the arraignment defendant, who was represented by counsel, pleaded not guilty to the charges of burglary and grand theft. Following his counsel's "bargaining for pleas" with the county attorney, the latter filed an "amended" information charging the felony of receiving stolen property, and the defendant, represented by counsel, pleaded guilty to the "amended" information. There was no new complaint charging the defendant with receiving stolen property filed with a magistrate, but the information alleging that crime was filed directly in the Superior Court.

On July 8, 1959 sentence was suspended and defendant was placed on three years probation. However, on May 2, 1962, defendant was brought before the Superior Court and it was determined that he had violated his probation and the same was revoked. The defendant was then sentenced to not less than four nor more than five years in the state prison. On December 9, 1965, the defendant filed a motion to dismiss. As a result of the argument on the motion to dismiss the following question was certified to us:

"Does the Superior Court have jurisdiction to amend an information from grand theft and burglary to receiving stolen property and then enter a judgment on a plea of guilty to the amended information charging the felony of receiving stolen property?"

Article 2, § 30, Arizona Constitution, A.R.S. provides, " * * * no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination." In the present case the defendant pleaded guilty to the amended information charging a different crime than the one of which he was accused in the complaint and in the order binding him over. Rule 79, Rules of Criminal Procedure, 17 A.R.S. provides: "The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information because of such fact before pleading to the merits." We have held that when the accused pleads guilty to an information he waives any defects in the preliminary examination. State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964). We held in the same case that the above quoted portion of Rule 79, Rules of Criminal Procedure, 17 A.R.S. is not repugnant to Art. 2, § 30, Arizona Constitution, A.R.S. The right to have a preliminary hearing is a personal privilege for the benefit of the accused and he may waive it expressly or by implication. In the present case, by "bargaining for pleas" and by pleading guilty to the amended information the defendant waived his right to have a preliminary examination on the charge of receiving stolen property, even though that crime is not a lesser included offense within the orginally charged crimes of burglary and grand theft.

The defendant claims that since receiving stolen property is not a lesser included crime encompassed within the crimes of burglary and grand theft he was entitled to have a new complaint filed with a magistrate charging the former crime in order to give the Superior Court jurisdiction to accept a plea to an information charging that crime.

"The purposes of a complaint are two-fold: To advise the defendant of the charge made against him; and to enable

the committing magistrate to determine whether or not the defendant should be bound over to the district court to stand trial for the offense charged in the complaint." State v. Hale, 71 Utah 134, 144, 263 P. 86, 89 (1927).

The defendant in the present case, through his attorney "bargained for pleas" and pleaded guilty to an information charging the crime of receiving stolen property. He was, thus, well informed of the charges against him.[1] By his plea of guilty to the amended information the defendant waived his right to the preliminary examination on the new charge, Rule 79, supra. As a necessary concomitant of this waiver the defendant has also elected to forego his right to have a formal complaint filed with a committing magistrate. The same reason which led us to rule in State v. Graninger, supra, that the preliminary hearing is a personal privilege belonging to an accused and may be waived at his pleasure leads to the conclusion that the necessity of filing a formal complaint with a magistrate may be waived by the defendant also under circumstances such as exist here.

Jurisdiction to try all felonies is conferred on the Superior Court by Article 6, § 6, Arizona Constitution, A.R.S. If the proper preliminary proceedings, i. e., filing of a complaint with a magistrate and holding of a preliminary hearing, were not carried out then the defendant should have moved to quash the information. Rule 169, Rules of Criminal Procedure, 17 A.R.S. Having failed to do so he has waived these defects in the information. State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520 (1954).

The certified question is answered in the affirmative.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER, and UDALL, JJ., concur.

1. For discussion re advisability and approval of plea bargaining, see, Common-

wealth ex rel. Kerekes v. Maroney, 423 Pa. 337, 223 A.2d 699 (1966).