434 P.2d 663

**STATE of Arizona, Appellee,**

v.

**James H. KELLEY, Appellant.**

**No. I CA–CR 123.**

Court of Appeals of Arizona.

Dec. 13, 1967.

Rehearing Denied Jan. 8, 1968.

Review Denied Feb. 15, 1968.

Darrell F. Smith, Atty. Gen., by T. M. Pierce, Asst. Atty. Gen., for appellee.

Ronald I. Rubin, Phoenix, for appellant.

CAMERON, Chief Judge.

This is an appeal from a judgment of guilt and a sentence of from one to five years in the Arizona State Penitentiary made by the Superior Court of Yuma County after a plea of guilty by the defendant.

We are called upon to determine whether advice by counsel to waive a preliminary hearing constitutes a denial of effective representation by counsel.

The facts necessary for a determination of this matter on appeal are as follows. A criminal complaint was filed on 21 September 1964 in Yuma County charging the defendant with a felony, to wit, "obtaining money by use of bogus check". Preliminary hearing was set for 30 September 1964. The entry of the justice of the peace indicates that the matter was continued to 13 October 1964 in order to allow defendant time to secure counsel. Defendant obtained a bail bond and on 13 October 1964 the minutes indicate that the defendant "notified court his attorney advised him to waive" preliminary hearing, and the file indicates that the defendant did waive his preliminary hearing. Information was filed in the Superior Court, and the defendant appeared in the Superior Court on 20 November 1964, and after continuance for appointment of

counsel, a plea of not guilty and trial setting, the defendant on 4 January 1965 withdrew his plea of not guilty and entered a plea of guilty. After several continuances the defendant was sentenced on 26 January 1965 to serve a term in the Arizona State Prison for not less than one year nor more than five years from which judgment and sentence defendant appeals.

Both by Arizona Constitution, Article II, § 30, A.R.S. and by Rule 16 of the Rules of Criminal Procedure, 17 A.R.S., an accused is granted the right to a preliminary hearing or examination. However, Rule 17 of the Rules of Criminal Procedure provides that the defendant may waive the preliminary hearing. Our Supreme Court has stated:

"The constitutional provision for a preliminary hearing is for the benefit of the defendant and he may waive it. This waiver may be expressed by the defendant or by implication." State v. Graninger, 96 Ariz. 172, 175, 393 P.2d 266, 268 (1964).

And the Arizona Supreme Court has made it clear that the defendant may not only waive preliminary hearing in the Justice Court, but when the defendant pleads guilty in the Superior Court he waives the right to subsequently question the lack of a preliminary hearing in the Justice Court:

"We have held that when the accused pleads guilty to an information he waives any defects in the preliminary examination." State v. White, 102 Ariz. 18, 423 P.2d 716, 717 (1967). See also State v. Rogers, 2 Ariz.App. 232, 407 P.2d 773 (1965), State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965).

Defendant contends that because he was advised to waive his preliminary hearing he was in effect denied effective representation of counsel. Defendant contends that no counsel would recommend that he waive a preliminary hearing or examination. The federal courts have made it clear that the right to counsel is the right to effective counsel, Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); MacKenna v. Ellis, 5 Cir., 280 F.2d 592, 599, 289 F.2d 928, cert. denied 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), wherein the court stated:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but by counsel reasonably likely to render and rendering reasonably effective assistance."

And our Court has stated that in order to justify setting aside a conviction upon the grounds that the accused was not effectively represented by counsel, the accused must show that his representation was a farce or a sham or shocking to the conscience. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), cert. denied 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967). Not only must the accused show that his representation was a farce, but an extreme case must be disclosed. State v. Lopez, 3 Ariz.App. 200, 412 P.2d 882 (1966).

We do not agree with the defendant that it is the duty of a defense counsel in every case to insist upon a preliminary examination under our rules. Although a preliminary examination is indicated in many cases there are reasons when a preliminary examination is not considered the best strategy or procedure to follow in a particular case:

"Matters of trial strategy, of counsel's judgment or the quality of the defense as a basis for challenging counsel's competence will not serve to invalidate convictions on allegations of ineffective assistance of counsel." Loftis v. State, 4 Ariz.App. 3, 4, 417 P.2d 374, 375 (1966).

For what constitutes a timely request for a preliminary hearing previously waived see State v. Bradley, 102 Ariz. 482, 433 P.2d 273, filed 9 November 1967.

We have further examined the record before us and we find no reversible error.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.