522 P.2d 784

**STATE of Arizona, Appellee,**

v.

**Roger W. SEARS, Appellant.**

**No. 1 CA–CR 633.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 30, 1974.

Rehearing Denied July 17, 1974.

Review Denied Sept. 19, 1974.

Gary K. Nelson, Atty. Gen. by Frank T. Galati, Asst. Atty. Gen., for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, for appellant.

## OPINION

STEVENS, Judge.

Roger W. Sears (defendant) was tried and convicted of burglary in the second degree with a prior conviction. He was sentenced to the Arizona State Prison and the date of the commencement of the sentence allowed him credit for his pretrial incarceration. He then appealed to this Court.

The opening brief presents two questions as follows:

"QUESTION NO. 1

"Did failure of the court to submit the question whether defendant's statements were voluntarily made and if voluntary, were true, constitute plain error?

"QUESTION NO. 2

"Was defendant entitled to a directed verdict of acquittal?"

On 4 May 1973 the defendant, his "common law wife" Gwendolin Harrison, Donald Downing and a fourth person drove from the southerly area of Phoenix to Glendale, Arizona. Downing's car was used and he was the driver. In Glendale the fourth person left the car and the three drove to Smitty's Big Town located at 6020 North 59th Avenue in Glendale. Smitty's is a large store offering groceries, meats and other items. On their arrival at Smitty's, Downing entered the store and thereafter the defendant and Harrison entered separately. The three were observed by Officer Thompson. Downing placed a number of items of merchandise in an opaque container. The defendant and Harrison left separately and shortly thereafter Downing left with the merchandise without paying. He was promptly arrested by Officer Thompson. Officer Thompson signaled to other officers present who arrested the defendant and Harrison. The defendant was charged with burglary, it being urged that he did aid and abet Downing in the commission of the burglary. A.R.S. § 13–139. One who acts as a

**24**

lookout may aid and abet. State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965).

At the defendant's preliminary hearing he was represented by a Deputy Public Defender. The store manager of Smitty's and Officer Thompson testified. The defendant's counsel became fully aware of the basic evidence to be presented by the State, as well as the foundation for the statements which Officer Thompson attributed to the defendant. The defendant was bound over, an information with a prior conviction addendum was filed, the defendant entered a plea of not guilty and denied the prior conviction. At the Superior Court trial the defendant was represented by the same Deputy Public Defender who represented him at the preliminary hearing.

After the jury was empaneled in the Superior Court, there was a voluntariness hearing conducted in the absence of the jury. Officer Thompson and the defendant testified. There were differences in their testimony. The trial judge, at the conclusion of the hearing, ruled that the defendant's statements were voluntary. No error is assigned to this ruling, nor do we find any error therein.

In the presence of the jury Officer Thompson testified as to the Miranda warnings and the circumstances surrounding the defendant's statements to him. His testimony provided an adequate foundation as to the statements of the defendant. No objections questioning the adequacy of the foundation were made at the formal presentation of the evidence. No questions were asked which reflected on the issue of the voluntariness of the statements. The defendant did not take the stand, he offered no evidence and he rested following the denial of his motion for a directed verdict, a motion urged after the State rested its case.

## INSTRUCTION

■ There was no request for an instruction relative to the "issue" of the voluntariness of the defendant's statement. The first question presented on this appeal is that it was fundamental and reversible error for the trial court to fail to so instruct on its own motion. Under the facts of this case, we do not agree.

The two-pronged voluntariness instruction relating to (1) whether it was voluntary and (2) whether the statements were true is quoted in State v. Hood, 69 Ariz. 294 at 299, 213 P.2d 368 at 371 (1950).[1]

In State v. Pulliam, 87 Ariz. 216, 349 P. 2d 781 (1960), our Supreme Court recog-

---

[1]. It is noted that the revised Arizona Uniform Jury Instructions are set forth in the Spring 1974 Arizona Bar Journal with the following preamble:

"The combined committee of the Arizona Supreme Court and the Arizona State Bar on Uniform Jury Instructions has completed its work as to both civil and criminal jury instructions. These have been submitted to the Supreme Court for their consideration. On February 8, 1974 the Supreme Court adopted the following to express its position on the use of these uniform jury instructions:

'THE ARIZONA SUPREME COURT EXPRESSES A QUALIFIED APPROVAL AND RECOMMENDS THE USE OF THE ARIZONA UNIFORM JURY INSTRUCTIONS, UNLESS THE TRIAL JUDGE IS SATISFIED THAT THERE IS A COMPELLING LEGAL REASON FOR MODIFYING OR REFUSING TO GIVE AN INSTRUCTION.'"

The voluntariness instruction is much more concise than the one found in Hood. We quote the current uniform instruction:

"CRIMINAL STANDARD 7
"Voluntariness of Defendant's
Statements ·

"You must not consider any statements made by the defendant to a law enforcement officer unless you determine beyond a reasonable doubt that the defendant made the statements voluntarily.

"The defendant's statement is not voluntary whenever a law enforcement officer used any sort of violence or threats or any promise of immunity or benefit.

"CAVEAT: The Committee expresses no opinion concerning the need to submit the issue of Miranda voluntariness to the jury. Apparently different practices prevail in different parts of the state."

nized that under an appropriate fact situation it was fundamental error for the trial court, on its own motion, to fail to submit a voluntariness instruction to the jury. Pulliam executed a written confession. There was a timely objection and a hearing was held out of the presence of the jury. The trial court ruled the confession to be admissible, notwithstanding the defendant's testimony, and the Supreme Court found no error in that ruling which followed the "out of the presence of the jury" hearing.

In the presence of the jury the officer testified as to foundation. The confession was admitted. The defendant then testified as he had at the voluntariness hearing and the State offered rebuttal testimony. No voluntariness instruction was requested and the failure of the trial court to give that instruction was held to be fundamental error.

Our Supreme Court stated:

" * * * However, if it appears to the reasonable satisfaction of the trial court that the confession was obtained freely and voluntarily, it is within the court's discretion to permit it to be read to the jury, and then submit to the jury, *under proper instruction,* for its determination the question whether under all the facts and circumstances the confession was made freely and voluntarily. * * *.

"The rule in this jurisdiction is also well established that it is the duty of the trial court to submit appropriate instructions to the jury regarding any confession that is admitted into evidence where the defense raises the issue of involuntariness." (Emphasis theirs) 87 Ariz. at 220, 221, 223, 349 P.2d at 784.

In our opinion Pulliam clearly states that the jury is faced with a decision whether to accept or reject the confession only when there are facts and circumstances presented to the jury which create an issue as to voluntariness.

In State v. Kellington, 93 Ariz. 396, 381 P.2d 215 (1963), there was a motion to strike certain testimony attributing statements to the defendant, the motion being made on the basis of lack of foundation. [There was no such objection or motion in the case which is the subject of this opinion.] The motion was denied and there was further testimony as to the defendant's statements. Our Supreme Court concluded as follows:

"The testimony by officers Roth and Gardiner of the foregoing statements made by defendant to them could not possibly be any stronger as an acknowledgement of guilt of the particular act charged. Thus, since the statements constituted a purported confession, it was the duty of the court to require a proper foundation to determine whether they were voluntary, and to submit an appropriate cautionary instruction to the jury to determine whether the statements were voluntarily made." [Citations omitted] 93 Ariz. at 399, 381 P.2d at 217.

It is noted that the Court did not specify the instruction in Hood, supra, but only "an appropriate cautionary instruction" and then only after requiring a proper foundation where the defendant had preserved the record by a prior motion urging the absence of foundation.

This Court in State v. Farrell, 1 Ariz. App. 112, 399 P.2d 915 (1965), had occasion to consider a situation somewhat similar to the one at bar, in that a foundation had been laid and no objections were presented. There were no questions asked nor evidence presented raising an issue of voluntariness. It was not error to not instruct on voluntariness.[2]

The Arizona Supreme Court in State v. Bray, 106 Ariz. 185, 472 P.2d 54 (1970),

---

2. Farrell was originally filed in the Supreme Court and assigned cause number 1476. With the creation of the Court of Appeals and pursuant to A.R.S. § 12–120.23 the Supreme Court assigned the case to the Court of Appeals. Following the filing of our opinion, the Supreme Court was asked to review the same and by its order denied the review.

was faced with a somewhat similar situation. In Bray, in addition to the absence of an objection there was also a stipulation as to voluntariness. There was no such stipulation in the case now under consideration. Under the facts presented to the jury the Court stated:

" * * * We must also conclude that the trial court acted properly in not instructing the jury to consider the question of voluntariness. It is true that where a confession is objected to by defendant at trial on the grounds of voluntariness, the trial court should instruct the jury on the issue even though the defendant has not requested specific instructions." 106 Ariz. at 189, 472 P.2d at 58.

On the face of the record presented to the jury a voluntariness instruction would have been meaningless to the jury as there were no contested facts before it to which to apply such instruction. We hold an absence of error in the not giving of a voluntariness instruction, an issue first injected on this appeal.

## DIRECTED VERDICT

■ Officer Thompson was the principal witness for the State. On direct and cross examination he made out a strong case by circumstantial evidence placing the defendant in the position of an aider and abettor. The defendant's statements to the officer were not a confession but gave credence to the jury's finding that the defendant had prior knowledge of the acts which Downing intended to perform in Smitty's.

We concur with the trial court in the denial of the defendant's motion for a directed verdict.

After the verdict of guilt as to the charge, the issue as to the prior conviction was presented to the jury. This issue was properly resolved against the defendant and the propriety thereof is not raised on this appeal.

Our search of the record for fundamental error reveals an absence thereof.

The judgment and sentence are affirmed.

DONOFRIO, P. J., Department A, and OGG, J., concur.